United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Government, )<br>)<br>v. )<br>)<br>JOSEPH G. RACHAL, )<br>)<br>Defendant. )<br>) | Criminal Action No.<br>16-10043-NMG |

MEMORANDUM & ORDER

GORTON, J.

Defendant Joseph Rachal ("Rachal" or "defendant") has been indicted for bank robbery, 18 U.S.C. §§ 2113(a) and (d), using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Currently before the Court is Rachal's motion to dismiss Count II, using a firearm during and in relation to a crime of violence. For the reasons that follow, that motion will be denied.

I. Background

This case arises from an alleged bank robbery that occurred on or about November 19, 2015. On that date, a masked person went into a branch of the TD bank located at 391 Market Street in Brighton, Massachusetts. That person purportedly told two tellers to give him money at gun point, placed bills amounting

-1-

to approximately $2,397 that the tellers handed him in a bag and left the bank.

Police officers rushed to the area around the bank. After a brief foot chase, officers apprehended Rachal about a block away from the bank. They searched his bag and found a black Glock nine millimeter firearm and ammunition as well as a face mask, gloves and currency matching the amount taken from the bank.

In February, 2016, a grand jury indicted Rachal. He subsequently moved to suppress the evidence from the seizure and ensuing search that occurred on November 19, 2015. This Court denied the motion to suppress.

Rachal now moves to dismiss Count II of the indictment, possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). That motion is the subject of this memorandum and order.

## II.  Motion to Dismiss Count II

### A. Legal Standard

When considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true. Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952). Such a motion is properly directed only to the question of the validity of the indictment on its face. United States v. Marbelt, 129 F. Supp. 2d 49, 56 (D. Mass. 2000). An indictment

is ripe for dismissal if the facts demonstrate that, as a matter of law, the prosecution will not be able to prove each of the elements of the charged offense. United States v. Huet, 665 F.3d 588, 596-97 (3d Cir. 2012).

Defendant moves to dismiss Count II which charges him with using a firearm "during and relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A).  Section 924(c)(3) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subpart A is typically referred to as the "force" clause, while Subpart B is referred to as the "residual" clause.  Although the Supreme Court of the United States has found that the similarly worded residual clause in 18 U.S.C. § 924(e), related to whether a perpetrator is deemed to be an armed career criminal, is unconstitutionally vague, Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), it has not yet addressed whether the so-called residual clause in § 924(c)(3) is also unconstitutionally vague. United States v. Armour, 840 F.3d 904, 907-08 (7th Cir. 2016).

The crime charged in Count II requires a predicate crime of violence.  The predicate crime of violence in this case is Count

I of the indictment which alleges that defendant violated the federal bank robbery statute. 18 U.S.C. § 2113(a) and (d). That statute prohibits taking money from a bank by "force and violence, or by intimidation." 18 U.S.C. § 2113(a). If an individual assaults another person or puts a life at risk by using "a dangerous weapon or device" in the course of a bank robbery, they may be fined or sentenced to up to 25 years in prison. 18 U.S.C. § 2113(d).

### B. Application

In defendant's view, because bank robbery can be committed through intimidation, it does not qualify as the predicate crime of violence needed for 18 U.S.C. § 924(c)(3)(A). Defendant further contends that the similarities between the residual clauses in 18 U.S.C. § 924(c)(3)(B) and § 924(e)(2)(B) compel the conclusion that the § 924(c) residual clause is unconstitutionally vague under Johnson. 135 S.Ct. at 2563. The government responds that armed bank robbery categorically qualifies as a crime of violence and is thus an appropriate predicate crime for 18 U.S.C. § 924(c).

When considering whether a predicate crime constitutes a crime of violence, courts use the categorical approach. Descamps v. United States, 133 S.Ct. 2276, 2283 (2013). The categorical approach examines whether the "least serious" conduct criminalized by the statute would qualify as a crime of

violence. Armour, 840 F.3d at 908. Accordingly, to determine whether 18 U.S.C. § 2113(a) and (d) constitute a crime of violence, courts must consider whether bank robbery through intimidation qualifies as a crime of violence involving "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A).

The First Circuit Court of Appeals ("First Circuit") has defined bank robbery by intimidation as "the willful taking in such a way as would place an ordinary person in fear of bodily harm." United States v. Ferreira, 821 F.2d 1, 6 (1st Cir. 1987) (internal quotation omitted). For example, in a case in which the perpetrator gave a teller a piece of paper that said "[p]ut small bills . . . in an envelope" and "[h]urry up and you won't get hurt," the First Circuit found that there was sufficient evidence to show a taking by intimidation because the "communications clearly were sufficient to raise fears of bodily harm." United States v. Henson, 945 F.2d 430, 439-40 (1st Cir. 1991).

Because the First Circuit defines bank robbery by intimidation as involving threats of bodily harm, Count I is a permissible predicate crime for Count II under the force clause in 18 U.S.C. § 924(c)(3)(A). Thus, even assuming, arguendo, that the residual clause in § 924(c)(3)(B) is unconstitutional, bank robbery is an adequate predicate crime for a charge of

using a firearm during and relation to a crime of violence. Armour, 840 F.3d at 908.

This approach is consistent with the decisions in several United States Courts of Appeals that have found, pursuant to the federal statute, that bank robbery may provide the predicate crime of violence for the charge of possession of a firearm during and in relation to a crime of violence. E.g., Armour, 840 F.3d at 909 ("[R]obbery by intimidation under § 2113(a) and robbery by assault by a dangerous weapon or device under § 2113(d) have as an element the use, attempted use, or threatened use of physical force . . . and thus qualify as crimes of violence under § 924(c)."); United States v. McNeal, 818 F.3d 141, 157 (4th Cir.), cert. denied, 137 S. Ct. 164 (2016) ("In sum, we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3) . . . ."); In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016) ("We agree with the Fourth Circuit's reasoning and hold now that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause.").

This Court finds persuasive and is content to follow the law as enunciated by this cross section of circuits.

## ORDER

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 23) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 7, 2016