**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) |
|  | ) Criminal Action No. |
| JOSEPH G. RACHAL, | ) 16-10043-NMG |
|  | ) |
| Defendant. | ) |
|  | ) |

**MEMORANDUM & ORDER**

GORTON, J.

Currently pending before the Court is the emergency motion of defendant Joseph Rachal ("Rachal") for modification of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of Rachal's age and the uniquely severe COVID-19 outbreak at FCI-Butner Low where he is incarcerated, Rachal seeks a reduction of his prison sentence to time served and home confinement for some portion of his supervised release in lieu of further incarceration.

## I.   Background

On April 27, 2017, following a five-day jury trial, Joseph Rachal ("Rachal" or "petitioner") was convicted of Armed Bank Robbery, Using and Carrying a Firearm During and in Relation to a Crime of Violence and being a Felon in Possession of a Firearm and Ammunition. On July 27, 2017, This Court sentenced him to a

term of 101 months' imprisonment and three years' supervised release. Rachal has been in federal custody since January 25, 2016 and his current projected release date is January 21, 2023. He has served 52 months of his sentence, which represents over half of the imposed sentence before factoring good time credit.

Rachal is currently incarcerated at FCI Butner Low ("Butner Low") in North Carolina, a facility which, as of June 29, 2020, according to a Bureau of Prisons ("BOP") publication, had 581 confirmed active inmate cases of COVID-19 and had recorded 14 inmate deaths due to the virus. See BOP COVID-19 Cases, http://www.bop.gov/coronavirus (last visited June 29, 2020). Approximately one half of inmates at Butner Low (which houses 1,150 inmates) are confirmed active cases. Cases at the facility account for over 40% of all active BOP cases nationwide. Butner Low is currently experiencing a much more severe outbreak than the rest of the FCC-Butner complex which has only 11 active cases across FMC Butner and FCI Butner Medium I and II.

Rachal is 68 years old and suffers from hypertension. He has apparently already tested positive for COVID-19. In light of petitioner's COVID-19 risk factors and the distinct medical situation at Burner Low, Rachal seeks compassionate release, and specifically a reduction of his sentence to time served and home confinement for some portion of his supervised release.

On June 29, 2020, the Court heard oral argument on the motion.

## II. Motion for Compassionate Release

### A. Legal Standard

The First Step Act ("FSA") grants prisoners the right to appeal denials of compassionate release made by the BOP. 18 U.S.C. § 3582(c)(1)(A).

> Pursuant to 18 U.S.C. § 3582(c), the Court

may not modify a term of imprisonment once it has been imposed except. . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights. . . if it finds that extraordinary and compelling reasons warrant such a reduction;

For a defendant under 70 years of age, a court may grant compassionate release only if

> extraordinary and compelling reasons warrant such a reduction [and] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Id.

When considering a motion for compassionate release a court must also consider the general sentencing factors contained in 18 U.S.C. § 3553.

### B. Application

Rachal has submitted a formal request to the warden of FCI Butner for compassionate release which was considered and

denied.  He has therefore fully exhausted his administrative rights and his motion is properly before this Court.

The severity of the COVID-19 outbreak at FCI Butner Low is unique among BOP facilities.  As previously noted, FCI Butner has 581 active cases representing roughly 50% of all inmates.  Another 106 inmates are deemed to have recovered.  For comparison the BOP facilities with the next highest number of cases are: Elkton FCI in Lisbon OH, with 236 active cases representing 12% of inmates;  Fairton FCI, in Fairton NJ, with 98 active cases representing 10% of the inmate population; and FCI Seagonville in Seagoville TX, with 46 cases representing just 3% of the population.  Although Butner Low has instituted and implemented various precautions, the COVID-19 outbreak is clearly both unparalleled and severe.

Rachal's age also militates in favor of granting his motion.  Inmates over 65 years of age are at increased risk for severe illness or death if they contract COVID-19. See United States v. Pena, No. CR 16-10236-MLW, 2020 WL 2798259, at *3 (D. Mass. May 29, 2020)(noting that "[a]s of May 12, 2020, the CDC reported that of the 37,300 deaths in the nation attributed to COVID-19 for which it had information concerning the decedent's age, 29,655 (79.5%) were individuals aged 65 or older.")  Rachal also maintains that his hypertension puts him at increased risk of illness.

4

At oral argument, the government informed the Court that Rachal has in fact tested positive for coronavirus and has been placed in isolation.  He has not, apparently, been retested since that positive test in early June.  Given the expansive outbreak unique to Butner Low, if his condition worsens rapidly, he may be in danger of severe illness.  As Rachal notes, there is the potential for rapid deterioration in a COVID patient's condition which may require immediate care and District Courts have previously granted compassionate release to inmates who have tested positive.  See United States v. Huntley, No. 13-cr-119-ABJ, DE 263 (D.D.C. May 5, 2020)(granting compassionate release to an inmate incarcerated at FCI Butner Medium who tested positive for COVID-19); Yeury J.S. v. Decker, No. 20-cv-5071-KM, DE 20 (D.N.J. May 11, 2020).

The Court is fully aware of Rachal's lengthy criminal record, including violent offenses.  Most seriously, in 1968, at age 15, he was convicted of manslaughter and served 11 years and 6 months in prison.  His prior violent offenses, while undoubtably serious, occurred more than 30 years ago and, with respect to the manslaughter conviction, over 50 years ago when he was a teenager.  At the sentencing for the subject armed bank robbery Rachal was found to be in Criminal History Category I because all of his prior convictions were too outdated to be scored.

The Court also recognizes that for decades before Rachal committed the instant offense he had no interaction with the criminal justice system.  He was regularly employed, raised a family and purchased a home.  He apparently became addicted to opioids after a work-related injury but is now sober.  Upon release, Rachal will be subject to stringent conditions of release.

The Court concludes that given (1) Rachal's age (68), (2) the COVID statistics at Butner Low and (3) the fact that Rachal has served 52 months of his sentence (representing over 60% of his sentence accounting for good time) there exist extraordinary and compelling reasons for his release and the conversion of the remaining 31 months of his sentence to home confinement.  He will be subject to conditions of release recommended by the Probation Office and set forth below.  The Court further concludes that such conversion is consistent with the goals and considerations set forth in 18 U.S.C. § 3553(a).

The defendant is forewarned that the Court will have no tolerance for the violation of any conditions of his supervised release.

## ORDER

For the foregoing reasons, Rachal's motion for compassionate release (Docket No. 133) is **ALLOWED**. Upon release defendant shall be subject to the following conditions of release hereby imposed by the Court:

(1)   Defendant must serve six (6) months in home incarceration with location monitoring equipment and shall pay for the costs of the program as determined under the national contract. He is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment. He is restricted to his residence at all times except for medical appointments that are approved by the court.

(2)   Defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

(3)   Defendant shall refrain from alcohol consumption.

(4)   Defendant must participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 50 drug tests per year to determine whether he has reverted to the use of alcohol or drugs.

(5)   Defendant must pay the balance of any fine or restitution imposed according to a court-ordered repayment schedule.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated June 30, 2020